Security Building and Loan Association *v.* W. A. Ambrose. Appeal of Provident Building and Loan Association.

*Building and loan associations—Mortgage—Priority of lien.*

An attorney at law was solicitor for two building and loan associations. He made application to the first association for a loan, and prepared and placed on record a mortgage to the association to secure the same, but the association was not authorized at the time to make the loan for the amount desired by the attorney. The matter was dropped by both parties, but the mortgage of record was not satisfied or canceled. Subsequently the attorney borrowed money from the second association and, as security therefor, placed on record a mortgage in the body of which it was written that it was " given in place of one given erroneously to the first association." After this mortgage was recorded the attorney resumed negotiations with the first association, and received a loan from it, for which the mortgage given erroneously was adopted as security. *Held,* that the mortgage given to the second association had priority of lien over the mortgage given to the first association.

Argued April 18, 1898. Appeal, No. 370, Jan. T., 1897, by the Provident Building and Loan Association, from order of C. P. Blair Co., Jan. T., 1896, No. 314, dismissing exceptions to auditor's report. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mortgage.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*W. H. Bridenbaugh* and *M. M. McNeil*, for appellant.

*J. S. Leisenring*, with him *W. B. Manley*, for appellee.

OPINION BY MR. JUSTICE DEAN, July 21, 1898:

The fund for distribution was raised by the sale of certain real estate belonging to Ambrose, the debtor, situated on Willow avenue and First street in city of Altoona. The property was sold for $3,650, and an auditor was appointed to distribute. At the date of the sale there were upon this property four mortgages in the following order: first, Security Building and Loan Association, liquidated at $1,229.16, recorded November 25, 1891; second, Mutual Building and Loan Association, liquidated at $836.65, recorded June 21, 1891; third, Provident Building and Loan Association, in sum of $2,000, liquidated at $1,545.60, recorded June 22, 1894; fourth, Security Building and Loan Association, liquidated at sum of $1,303.41, recorded July 23, 1894.

It was conceded that the first two were entitled to distribution in their order. The contest was between the last two as to balance of the fund. The auditor finds these facts: the borrower, Ambrose, was solicitor for all four associations, and when the loans were made to him he examined the record for himself, and certified the liens; on his own certificate, the association officers acted in dealing with him. Although the mortgage of the Provident Association was recorded on June 22, and the Security on July 23, following, a month afterwards, yet no money was paid Ambrose on the Provident mortgage until July 30, seven days after record of the Security Association mortgage, on which last the money was paid over the day the mortgage was executed. In the body of this mortgage Ambrose, who drew it as solicitor, writes: "This mortgage given in place of one given erroneously to Provident Building and Loan Association on June    , 1894, and of record

in Blair county." The auditor further finds that the Provident Association mortgage was executed and recorded by Ambrose, at the time, in expectation of borrowing from the association the value of ten shares, but afterwards discovered he had only five shares, which would not, under the rules, warrant the amount of the loan ; the association did not act on the loan, or authorize it at that time, and as he declared on July 23, in his own handwriting, in the mortgage of the Security Association, it " was given errroneously." The evidence of the secretary of the Provident Association, verified by its books, shows, that the negotiations for the loan at the date of the mortgage were wholly abandoned for the time being, and were not renewed until July 20, when Ambrose bought out ten shares of stock and on July 30, the loan was consummated by the Association paying over the money to him. In the meantime the Security Association on July 23, paid him the amount of its loan, and recorded its mortgage. The Provident, doubtless, at the suggestion of Ambrose, adopted as its security for the loan of July 30, the mortgage erroneously given and recorded June 22. It claimed before the auditor, in the face of these facts, that this last named mortgage must be treated as given to secure future advances, because, as it alleged, it was Ambrose's intention to use the money raised by the last loan in payment of a previous one, obtained in 1893. The auditor does not find this to be a fact, or rather, he finds the contrary, so that no question arises as to whether the mortgage would be valid if given to secure future advances of money. It was given as consideration for an immediate loan. After it was recorded it was discovered that the association was not authorized to make a loan of that amount to Ambrose at that time ; the matter was dropped by both parties. The error should have been cured by satisfying or canceling the mortgage, which was wholly without consideration. This was not done, however, and when the new contract, on July 30, was completed, the old instrument, for which nothing had been given, was substituted as security for the new loan, for which the money was handed to Ambrose.

It is not worth while discussing whether as between the parties themselves they could have thus given life to a dead paper, as a pledge for a new loan. Before they attempted to do so, the right of a third party, the Security Association, intervened ;

it had actually loaned its money, and put its mortgage of record ; the Provident Association and Ambrose could not, by a mere subsequent parol agreement, destroy that right.   The argument that the Security Association had record notice of the Provident mortgage when it loaned its money is without weight.   Its right is not determined by the record, but by the fact.   If the mortgage which it saw really represented no debt, the mere fact that on its face it represented one is of no importance on distribution.   If an antecedent mortgage be actually paid, yet be not satisfied of record, no one would pretend that it could come in on a fund in preference to a junior mortgage, although the mortgagee of the latter may have had no knowledge of the payment when he took his security.   The Provident Association is in no better situation as the owner of a merely nominal but worthless security, not accepted until it made its contract of loan.

The decree of the court below is affirmed, and the appeal dismissed at costs of appellant.